**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
AT _____
CASE NO. _____

VICKI O'BANNON                                                           PLAINTIFF
2200 ¼ Utica Pike
Jeffersonville, IN 47130

v.                              **COMPLAINT**
                            *-Electronically Filed-*

RMM HOLDINGS INC.
d/b/a MARSHALL AUTO GROUP                                      DEFENDANTS
9 Taft Highway
Dry Ridge, KY 41035

        SERVE:     ROBERT G. MARSHALL
                    15217 Carli Court
                    Crittenden, KY 41030

and

HUNTINGTON BANCSHARES INC.
d/b/a THE HUNTINGTON NATIONAL BANK
41 South High Street
Columbus, Ohio 43287

        SERVE:     CT CORPORATION SYSTEM
                    4400 Easton Commons Way
                    Suite 125
                    Columbus, OH 43219

* * * * * * * *

**VERIFIED COMPLAINT**

Comes the Plaintiff, Vicki O'Bannon, by and through counsel, and for her

Complaint against RMM Holdings Inc. d/b/a Marshall Auto Group ("**Marshall Ford**")

and Huntington Bancshares Inc. d/b/a The Huntington National Bank ("**Huntington**"),

states as follows:

## I. PRELIMINARY STATEMENT

1.      This is an action for Defendants' violations of 1) the Fair Credit Reporting Act ("**FCRA**"), 15 U.S.C. § 1681 et seq., and Defendants' violations of 2) the Kentucky Consumer Protection Act ("**KCPA**"), KRS 367.110, et seq.

## II. PARTIES

2.      Plaintiff, Vicki O'Bannon ("**O'Bannon**") at all times material hereto resided in Jeffersonville, Indiana. Plaintiff is currently residing at 2200 ¼ Utica Pike, Jeffersonville, Indiana 47130.

3.      Defendant RMM Holdings Inc., d/b/a Marshall Auto Group, operates a vehicle dealership, Marshall Ford in Carrollton, Kentucky. RMM Holdings Inc. is a Kentucky corporation with its principal place of business located in Dry Ridge, Kentucky. RMM Holdings Inc. is currently in good standing with the Kentucky Secretary of State.

4.      Defendant Huntington Bancshares Inc., d/b/a Huntington National Bank is a regional bank holding company headquartered in Columbus, Ohio.   Huntington Bancshares Inc. is currently in good standing with the Ohio Secretary of State. Huntington regularly engages in business in the Commonwealth of Kentucky.

5.      Plaintiff, Ms. O'Bannon, is a "consumer" as that term is defined by the FCRA, 15 U.S.C. § 1681(c).

6.      Defendant Marshall Ford engages in "trade and commerce" as defined in KRS 367.110.

7.      Defendant Huntington engages in "trade and commerce" as defined in KRS 367.110.

8.      Defendant Marshall Ford is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. § 1681s-2(b).

9.     Huntington is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. § 1681a(o).

10.     Huntington is regularly engaged in the business of assembling, evaluating, and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. § 1681a(d), to third parties.

### III.     JURISDICTION AND VENUE

11.     The Eastern District Court of Kentucky has jurisdiction over this action pursuant to 28 U.S.C. §1331 because the claim raises a federal question under FCRA, 15 U.S.C. § 1681(p) and because the transactions and occurrences giving rise to this action occurred in Carroll County, Kentucky, as a result of the Defendants doing business in Carroll County, Kentucky. Furthermore, pursuant to 28 U.S.C. §1367, the Court has supplemental jurisdiction of the claim brought under the KCPA because it arises from the same controversy between the Parties.

12.     Venue is proper as the transaction and occurrences giving rise to this action were transmitted in Carroll County, Kentucky, of the Eastern District of Kentucky.

### IV.     FACTUAL BACKGROUND

13.     Plaintiff, Vicki O'Bannon was formerly in a relationship with Kevin Wayne Christman ("**Christman**") from 2017 until around December of 2022.

14.     On December 29, 2021, Marshall Ford sold to Christman a new 2022 Ford F-150 Hybrid (the "**Vehicle**") for $83,071.19. Upon information and belief, Christman provided Ms. O'Bannon's personal information as the purchaser of the vehicle, including her name, address, social security number, phone number, and even forged her signature. (Purchase Agreement attached as Exhibit 1).

3

15.     Christman obtained financing for the Vehicle through Huntington National Bank, where Christman again forged Ms. O'Bannon's personal information and signature.

16.     Christman took possession of the Vehicle and on December 29, 2021 had it registered to Ms. O'Bannon. (Certificate of registration attached as Exhibit 2).

17.     At no time during these events did Ms. O'Bannon have knowledge of the transaction and financing, nor did she give authorization to anyone to act on her behalf.

18.     It was not until March of 2022 that Ms. O'Bannon became aware of Christman's purchase and financing of the Vehicle under her name.

19.     Ms. O'Bannon was not present when Marshall Ford sold the Vehicle to Christman, nor did she authorize the purchase of the vehicle in her name. Mashall Ford failed to receive authorization from Ms. O'Bannon when they accessed and reviewed her credit report.

20.     Ms. O'Bannon was not present when Huntington accessed her credit report or when Huntington provided her credit report to Marshall Ford for the financing of the Vehicle. Huntington failed to receive authorization from Ms. O'Bannon when they accessed and disseminated her credit report to Christman and Marshall Ford, in violation of 15 U.S.C. §1681r.

## V.     LEGAL CLAIMS
### MARSHAL FORD'S VIOLATION(S) OF
### THE KENTUCKY CONSUMER PROTECTION ACT

21.     Ms. O'Bannon reaffirms and realleges each and every allegation set forth in Paragraphs 1 through 20 of this Complaint.

22.     Marshall Ford and/or its owners, officers, agents and employees or other individuals acting on their behalf violated the Kentucky Consumer Protection Act

4

("**KCPA**") (KRS 367.110, et seq.) by engaging in unfair and unconscionable trade practices by facilitating the sale and financing of the Vehicle to Christman without Ms. Obannon's presence nor authorization.

23.     Marshall Ford's unfair and unconscionable practices are in violation of the KCPA.

24.     As a direct and proximate result of Marshall Ford's intentional, willful, and/or knowing violation of the KCPA, Ms. O'Bannon has incurred and continues to incur substantial damages, in an amount to be proven at trial.

25.     Pursuant to the KCPA, Marshall Ford is liable to Ms. O'Bannon for treble damages and attorneys' fees.

**HUNTINGTON'S VIOLATION(S) OF
THE KENTUCKY CONSUMER PROTECTION ACT**

26.     Ms. O'Bannon reaffirms and realleges each and every allegation set forth in Paragraphs 1 through 25 of this Complaint.

27.     Huntington and/or its owners, officers, agents and employees or other individuals acting on their behalf violated the Kentucky Consumer Protection Act ("**KCPA**") (KRS 367.110, et seq.) by engaging in unfair and unconscionable trade practices by facilitating the financing of the Vehicle to Christman without Ms. Obannon's presence nor authorization.

28.     Huntington's unfair and deceptive practices are in violation of the KCPA.

29.     As a direct and proximate result of Huntington's intentional, willful, and/or knowing violation of the KCPA, Ms. O'Bannon has incurred and continues to incur substantial damages, in an amount to be proven at trial.

5

30.    Pursuant to the KCPA, Huntington is liable to Ms. O'Bannon for treble damages and attorneys' fees.

## MARSHALL FORD'S VIOLATION(S) OF
## THE FAIR CREDIT REPORTING ACT

31.    Ms. O'Bannon reaffirms and realleges each and every allegation set forth in Paragraphs 1 through 30 of this Complaint.

32.    An officer or employee of Marshall Ford knowingly and willfully obtained Ms. O'Bannon's credit report from Huntington or others, without authorization from Ms. O'Bannon, in violation of 15 U.S.C. §1681q.

33.    Pursuant to 15 U.S.C. §1681n(c), Marshall Ford is liable to Ms. O'Bannon for treble damages and attorneys' fees.

## HUNTINGTON'S NEGLIGENT VIOLATION(S) OF
## THE FAIR CREDIT REPORTING ACT

34.    Ms. O'Bannon reaffirms and realleges each and every allegation set forth in Paragraphs 1 through 33 of this Complaint.

35.    An officer or employee of Huntington knowingly and willfully provided Ms. O'Bannon's credit report to Marshall Ford and Christman in violation of 15 U.S.C. §1681r, and/or unlawfully accessed her credit report.

36.    Pursuant to 15 U.S.C. §1681n(c), Huntington is liable to Ms. O'Bannon for treble damages and attorneys' fees.

## MARSHALL FORD'S NEGLIGENT NONCOMPLIANCE OF
## THE FAIR CREDIT REPORTING ACT

37.    Ms. O'Bannon reaffirms and realleges each and every allegation set forth in Paragraphs 1 through 36 of this Complaint.

38.     An officer or employee of Marshall Ford negligently obtained Ms. O'Bannon's credit report from Huntington, without authorization Ms. O'Bannon, in violation of 15 U.S.C. §1681o(a).

39.     Pursuant to 15 U.S.C. §1681o(b), Marshall Ford is liable to Ms. O'Bannon for treble damages and attorneys' fees.

**HUNTINGTON'S NEGLIGENT NONCOMPLIANCE OF<br>THE FAIR CREDIT REPORTING ACT**

40.     Ms. O'Bannon reaffirms and realleges each and every allegation set forth in Paragraphs 1 through 39 of this Complaint.

41.     An officer or employee of Huntington negligently provided Ms. O'Bannon's credit report to Marshall Ford and Christman in violation of 15 U.S.C. §1681o(a).

42.     Pursuant to 15 U.S.C. §1681o(b), Huntington is liable to Ms. O'Bannon for treble damages and attorneys' fees.

**WHEREFORE**, Plaintiff, Ms. O'Bannon, respectfully demands:

1.     Trial by jury on all issues so triable;

2.     That this Court make a specific finding that the Marshall Ford violated the Kentucky Consumer Protection Act;

3.     That this Court make a specific finding that Huntington violated the Kentucky Consumer Protection Act.

4.     That this Court make a specific finding that Marshall Ford violated the Fair Credit Reporting Act.

5.     That this Court make a finding that Huntington violated the Fair Credit Reporting Act.

7

6.     Judgment against the Defendants for statutory, compensatory, consequential, and punitive damages;

7.     That Ms. O'Bannon be awarded prejudgment interest at the maximum rate allowed by law;

8.     That Ms. O'Bannon be awarded discretionary costs as this Court deems appropriate;

9.     That O'Bannon be awarded court costs expended to prosecute this litigation; and

10.     That O'Bannon be given such other and further relief to which they may be entitled by law.

Respectfully submitted,


/s/   John D. Cox
John D. Cox
**LYNCH, COX, GILMAN & GOODMAN, P.S.C.**
500 West Jefferson Street, Suite 2100
Louisville, Kentucky 40202-3354
Telephone: (502.589.4215)
Facsimile: (502.589-4994)
jcox@lynchcox.com
***Counsel for Vicki O'Bannon***

## VERIFICATION

I have read the foregoing and the statements contained herein are true and correct to the best of my knowledge and belief.

VICKI O'BANNON

STATE OF INDIANA    )
                    )
COUNTY OF _CLARK_   )

LILIAN SARTINI
NOTARY PUBLIC
CLARK COUNTY, STATE OF INDIANA
COMMISSION EXPIRES:
MAY 3, 2030
COMMISSION NUMBER: NP0740965

Subscribed and sworn to before me this 15th day of December, 2023, by Vicki O'Bannon.

My commission expires: 5|3|2030.

NOTARY PUBLIC, STATE OF INDIANA